## KARR vs. KARR.

Where the notice required to be given to an absent defendant was entitled in the cause, and not directed to the defendant, nor mailed within twenty days after the date of the order, such defendant was held not to be within the jurisdiction of the court, and that no decree could be made against him.

THE CHANCELLOR.

In this case, the notice has not been served or published in the manner required by law, and the rules of the court.

1. The 24th and 25th rules require, that after May 1st, 1867, a notice shall be served and published instead of the order. Two substantial parts of the notice prescribed are, that it shall *not* be entitled in the cause, and *shall* be directed to the defendant. The notice published is entitled in the cause, and is not directed to the defendant.

2. By the 22d section of the Chancery act, and 2d and 3d sections of the supplement of 1867, the notice is required to be served or mailed within twenty days after date of the order. In this case, the notice was not mailed until October 20th, being twenty-two days after the date of the order, (September 28th); and in fact, inquiry for the defendant's address does not appear to have been made in the manner required until October 19th, after the time had expired for giving notice.

The defendant is not brought as yet in the jurisdiction of the court, and no decree against him can be made, or would have validity if made.